UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 15-128 (DWF/TNL) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| Rashad Arthur Russell, | |
| Defendant. | |

This matter is before the Court upon Defendant Rashad Arthur Russell's ("Defendant") objections (Doc. No. 27) to Magistrate Judge Tony N. Leung's August 7, 2015 Report and Recommendation (Doc. No. 26) insofar as it recommends that Defendant's Pretrial Motion to Suppress Fruits of Unlawful Arrest and Search and Seizure be denied.

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). The factual background for the above-entitled matter is clearly and precisely set forth in the Report and Recommendation and is incorporated by reference for purposes of Defendant's objections.

In the Report and Recommendation, Magistrate Judge Leung first assumed, but did not decide, that Defendant has standing to challenge the search of the sedan as a passenger. (Doc. No. 26 at 9.) Magistrate Judge Leung then held that, assuming Defendant has such an expectation of privacy, "the information provided by the

[confidential informant ("CI")] was sufficiently reliable based on the CI's history of supplying reliable information and the officers' ability to corroborate certain details of the tip . . . [and] [b]ased on the totality of the circumstances, a fair probability existed that a firearm would be found in the sedan and, therefore, the officers had probably cause to search the sedan."  (*Id.* at 13-14.)   Magistrate Judge Leung also concluded that, "[b]ased on the totality of the circumstances . . . the officers had reasonable articulable suspicion to believe that criminal activity was afoot when they came upon Defendant exiting the sedan and walking away and reasonable suspicion that Defendant may be armed and pose a danger to themselves and others."  (*Id.* at 16.)   Accordingly, the Magistrate Judge recommended that Defendant's motion to suppress the fruits of the search and seizure be denied.

Defendant objects to the Magistrate Judge's Report and Recommendation on the grounds of legal error.  (*See generally* Doc. No. 27.)   Defendant argues that the information provided by the CI did not establish probable cause or reasonable suspicion.  (*Id.*)   Defendant asserts that *United States v. Hambrick*, 630 F.3d 742 (8th Cir. 2011), upon which the Magistrate Judge relied in part in his analysis, is distinguishable from the instant case.  (*Id.*)   Specifically, Defendant contends that *Hambrick* and this case are not similar regarding the determination of probable cause based on an informant's tip because the informant in *Hambrick* was more reliable than the informant in this case and, therefore, the Magistrate Judge's conclusion was in error.  (*Id.* at 5-6.)   Defendant

further argues that in light of the lack of probable cause, the pat search was also in violation of Defendant's rights.  (*Id.* at 6.)

The Court disagrees.  The Court concludes, as did the Magistrate Judge, that the information provided by the CI in this case was sufficiently "reliable and corroborated" to support a finding of probable cause.  *See Hambrick*, 630 F.3d at 747 ("To support a probable cause determination, officers may rely on an informant's tip if the informant has provided reliable information in the past or if his tip is independently corroborated.") (citation omitted).  The CI in this case had recently observed Defendant in possession of a firearm on multiple occasions.  (Doc. No. 26 at 12.)  The CI has provided reliable information in the past.  (*Id.* at 13.)  Further, the CI provided detailed information about the vehicle that Defendant would be in—type (sedan) and color (dark colored)—and the neighborhood the vehicle would be in, as well as a description of the handgun.  (*Id.*)  The CI also provided the specific license plate number on the vehicle.  (*Id.*)  The officers verified all of this information when they observed the vehicle.  (*Id.*)  Thus, considering the totality of the circumstances, these facts support the conclusion that the CI's information was "reliable and corroborated," *Hambrick*, 630 F.3d at 747, and that there was a "fair probability" that a firearms would be found and therefore had probable cause, *United States v. Vore*, 743 F.3d 1175, 1179 (8th Cir. 2014).  Accordingly, the search and seizure were not in violation of Defendant's Fourth Amendment rights and Defendant's motion to suppress is denied.

Further, in light of the above analysis, in addition to the Magistrate Judge's analysis in his Report and Recommendation, the Court further agrees with the Magistrate Judge that the pat down search was lawful.

Thus, based upon the *de novo* review of the record and all of the arguments and submissions of the parties, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

### ORDER

1.  Defendant Rashad Arthur Russell's objections (Doc. No. [27]) to Magistrate Judge Tony N. Leung's August 7, 2015 Report and Recommendation are **OVERRULED**.

2.  Magistrate Judge Tony N. Leung's August 7, 2015 Report and Recommendation (Doc. No. [26]) is **ADOPTED**.

3.  Defendant's Pretrial Motion to Suppress Fruits of Unlawful Arrest and Search and Seizure (Doc. No. [17]) is **DENIED**.

Date:  September 22, 2015          s/Donovan W. Frank
                                   DONOVAN W. FRANK
                                   United States District Judge